IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LE T. LE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 08-615-LPS |
| | : | |
| CITY OF WILMINGTON, | : | |
| JOSEPH F. CAPODANNO, JR., and | : | |
| JAMES J. O'DONNELL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Leave To File A Second Amended Answer

("Motion") filed by the City of Wilmington ("City"), Joseph F. Capodanno, Jr., and James J.

O'Donnell (collectively, "Defendants"). (D.I. 130)  For the reasons given below, the Court will

grant Defendants' Motion.


**I.     THE PARTIES' CONTENTIONS**

By their Motion, Defendants request leave to amend their Answer to add details to their

affirmative defense of fraud. (D.I. 131 at 1)  Defendants claim that near the end of the fact

discovery period they found evidence that the Plaintiff, Le T. Le, had removed the City's

copyright mark from the software in dispute in this case and had replaced it with his own

copyright. (*Id.*)  If proven, these contentions would support Defendants' already alleged fraud

claim. Defendants contend that, although the deadline for amending pleadings has passed,[1] there

was no undue delay in their filing of the Motion, as it was promptly filed after Defendants

discovered the information supporting the proposed amendment. (*Id.* at 4)  Additionally,

Defendants contend that had Le been forthright at his deposition when discussing the contents of

compact discs that he destroyed – which likely contained the computer screen shots that form the

basis for the proposed amendment – they could have produced those screen shots and amended

their answer earlier. (*Id.*; *see also* D.I. 135 at 2-3)  Defendants further represent that their delayed

production of the screen shots was the result of burdensome discovery obligations, which included

Defendants eventually producing over 55,000 pages of electronic documents, and also the result

of the obscurity of the copyright mark when viewed on a computer monitor (as opposed to when

viewed as printouts of screen shots).  (D.I. 131 at 4)  Defendants insist that their Motion is not

brought in bad faith or for dilatory purposes, and that granting it would not unfairly prejudice Le

since it would not result in any delay in the current schedule. (*See id.* at 4-5)

Le opposes the Motion on the grounds of undue delay, bad faith, dilatory motives, and

unfair prejudice. (D.I. 134 at 5)  In particular, Le argues that Defendants possessed the documents

that form the basis of their proposed amendment for years yet purposely withheld them until the

end of discovery as part of a continued effort to "sandbag" and harass him. (*See id.* at 5-6.)

During fact discovery, Le asked Defendants to describe and identify the location of all copies of

Le's program; that Defendants did not supplement their discovery responses to identify the

location that is the basis for the proposed amendment, in Le's view, violated Defendants'

---

[1] This request comes after the November 30, 2009 deadline for filing motions to amend as
set forth in the Scheduling Order. (D.I. 29 at 2)

obligation under Federal Rule of Civil Procedure 26(e).  Underlying all of Le's contentions is the notion that the Defendants' delayed production and proposed amendment are unfairly prejudicial to him because they are a surprise.  (*See id.* at 5)


II.   **LEGAL STANDARDS**

Because Defendants seek to amend their pleading after the pleadings deadline has passed, the Court must consider their request in light of Rule 15(a)(2) as well as Rule 16(b)(4) of the Federal Rules of Civil Procedure.

A.   **Rule 15(a)(2)**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990).  In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.  An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006).  Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is

3

coupled with either an unwarranted burden on the court or undue prejudice to the non-moving

party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d

267, 273 (3d Cir. 2001). A party may suffer undue prejudice if the proposed amendment causes

surprise or results in additional discovery, additional costs, or additional preparation to defend

against the new facts or theories alleged. *See id.* "Thus, while bearing in mind the liberal

pleading philosophy of the federal rules, the question of undue delay requires that we focus on the

movant's reasons for not amending sooner . . . . [Moreover,] [t]he issue of prejudice requires that

we focus on the hardship to the [non-movant] if the amendment were permitted." *Id.* (internal

citations omitted).

### B.     Rule 16(b)(4)

If "a party moves for leave to amend the pleadings after a deadline imposed by a

Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is implicated." *WebXchange

Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan, 20, 2010). Pursuant to Federal Rule of

Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's

consent." "Good cause" exists when the imposed schedule "cannot reasonably be met despite the

diligence of the party seeking the extension." *ICU Med. Inc. v. Rymed Techs., Inc.*, 674 F. Supp.

2d 574, 577 (D. Del. 2009). "In contrast to Rule 15(a), the good cause standard under Rule 16(b)

hinges on the diligence of the movant, and not on prejudice to the non-moving party." *Roquette

Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

## III. ANALYSIS

Applying the appropriate legal standards to the facts and circumstances surrounding the Motion, the Court concludes that the proposed amendment is proper under Rules 15(a)(2) and 16(b)(4).

### A. Rule 15(a)(2)

#### 1. Undue Delay

In evaluating whether a party's delay is undue, the Court must focus on the movant's reasons for not amending its pleading earlier. *See Cureton*, 252 F.3d at 273. The Third Circuit also stresses the importance of a movant articulating a "colorable excuse" for the delay. *See Arthur v. Maersk*, 434 F.3d 196, 205 n.11 (3d Cir. 2006) (internal quotation marks omitted); *see also Adam v. Gould*, 739 F.2d 858, 868-69 (3d Cir. 1984).

Defendants' proposed amendment would only add particularity to the affirmative defense of fraud that they pled in their original answer. According to Defendants, the timing of the proposed amendment is due to the fact that Defendants did not earlier discover the computer screen shots that support the amendment. This occurred because, Defendants claim, Le withheld the contents of the compact discs he destroyed that contained the screen shots. (D.I. 131 at 3) If Le did intentionally withhold the contents of these compact discs, then, plainly, the delay in Defendants' proposed amendment would be excusable. In any event, even if Le did not purposely withhold these contents, Defendants have articulated a colorable excuse for the delay, as the ten to twelve screen shots that provide the basis for the proposed amendment were difficult to locate amidst Defendants' electronic document production of more than 55,000 pages. (*Id.* at 4) This was particularly so, according to Defendants, because the copyright mark in the disputed screen

5

shots could not be seen on the computer screen itself and was only noticeable after Defendants

printed out the screen images, which they did late in the fact discovery process.  (*Id.*)  Le provides

no basis for rejecting Defendants' representation.  Hence, the delay here was not undue.

### 2.      Bad Faith and Dilatory Motives

Le provides little more than bare assertion to support his contention that the proposed

amendment is the result of bad faith and dilatory motives by Defendants.  Le's arguments for bad

faith and dilatory motives are premised on his belief that the Motion and late production are part

of a continued attempt by Defendants purposely to withhold information and "sandbag" Le by use

of their "superior resources."  (*See* D.I. 134 at 6)  However, Le offers no persuasive examples of

such abuse by Defendants.  Furthermore, it is difficult to see how dilatory motives could underlie

the Motion as Defendants do not seek any change in the governing Scheduling Order – nor does

Le argue that such a delay will be necessitated by the proposed amendment.  Moreover, again, the

amendment merely adds particularity to an already-pled affirmative defense; it does not add a new

claim or defense to the case.

### 3.      Unfair Prejudice

To establish unfair prejudice sufficient to justify denial of the Motion, Le "must show that

[he] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which

[he] would have offered had the . . . amendments been timely."  *Bechtel v. Robinson*, 886 F.2d

644, 652 (3d Cir. 1989).  Here, all Le offers is that the amendment unfairly surprises him.  This is

unpersuasive.  Once again, it bears emphasis that the amendment particularizes an affirmative

defense of fraud that has been a part of this action since Defendants' initially answered Le's

complaint in July 2009.  (D.I. 19 at 6 ¶ 4)  Hence, the proposed amendment does not add new

allegations but, rather, conforms the pre-existing fraud pleadings to the evidence that emerged in

discovery, in an effort to avoid undue surprise at trial.  Furthermore, Le has not asserted (much

less demonstrated) that he will need further discovery, that the amendment will add costs to the

litigation by forcing him to defend against new facts or theories, or that he was unfairly

disadvantaged or deprived of the opportunity to present facts or evidence which he would have

offered had the amendments been timely.

### 4. **Futility**

Le does not contend that Defendants' proposed amendment is futile.  Therefore, it is not

necessary to analyze this prong of the Rule 15(a)(2) inquiry.

### B. **Rule 16(b)(4)**

The Court entered the Scheduling Order on August 18, 2009.  (D.I. 29)  After amendments

by both parties, the Court set a fact discovery deadline of April 19, 2010 (D.I. 108 at 2) and a

deadline for amending pleadings of November 30, 2009.  (D.I. 29 at 2)  Defendants discovered the

screen shots that form the basis of their proposed amendment on or about April 9, 2010 and filed

their Motion on May 5, 2010.  Under the circumstances, Defendants' acted with sufficient

diligence.  Accordingly, there is good cause for permitting the proposed amendment.


## IV. **Conclusion**

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      Defendants' Motion For Leave to File A Second Amended Answer (D.I. 130) is

**GRANTED.**

2.     The Clerk shall docket the proposed Second Amended Answer attached as Exhibit

A to the Motion, and the Second Amended Answer shall be deemed filed and served as of the date

of this Order.

Dated: July 12, 2010

Honorable Leonard P. Stark
United States Magistrate Judge