# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LE T. LE, | : |
|             Plaintiff, | : |
| v. | :    Civ. No. 08-615-LPS |
| CITY OF WILMINGTON, JOSEPH F. CAPODANNO, JR., and JAMES J. O'DONNELL, | : |
|             Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is the Application for Attorneys Fees filed by Defendants. (D.I. 163) For the reasons discussed, Defendants' fee award request will be denied.

1. <u>Background</u>. On September 24, 2008, Le T. Le ("Le" or "Plaintiff") filed this suit against the City of Wilmington ("City"), the City's Manager of Integrated Technologies, Joseph F. Capodanno, Jr. ("Capodanno"), and the City's Director of Integrated Technologies, James J. O'Donnell ("O'Donnell") (collectively, "Defendants"). (D.I. 1) In his Amended Complaint, Le alleged: (i) copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*; (ii) discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), as well as 42 U.S.C. §§ 1981 and 1983; (iii) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; and (iv) neglect or refusal to prevent conspiracy in violation of 42 U.S.C. § 1986. (D.I. 17) Le also raised state law discrimination claims, pursuant to 19 Del. C. §710, *et. seq.*, and a claim for *prima facie* tort under Delaware state law. (*Id.*)

1

After a hearing on August 3, 2010 (*see* D.I. 158, Transcript of August 3, 2010 hearing (hereinafter "Tr.")), the Court on September 7, 2010 granted two defense motions for summary judgment (D.I. 160; D.I. 161), specifically: (i) Defendants' Motion for Summary Judgment with respect to Counts III-VIII of Plaintiff's Amended Complaint (the "Discrimination Motion") (D.I. 138), and (ii) the City's Motion for Summary Judgment with respect to Counts I-II of Plaintiff's Amended Complaint (the "Copyright Motion") (D.I. 140).[1]

After the case was closed and judgment was entered in favor of Defendants on all counts (D.I. 161; D.I. 162), Defendants, as the prevailing parties on Plaintiff's copyright and discrimination claims, filed an application for payment of attorneys fees incurred in defending against Plaintiff's claims (D.I. 163). According to Defendants, the total amount of fees and costs incurred by the City in the defense of this action, not including fees and costs relating to this fee application, is $435,372.18. (D.I. 164, McMackin Decl., at ¶ 4)

2. Standards.

a. The Copyright Claims.

Section 505 of the Copyright Act provides as follows:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The award of fees to the prevailing party is a matter of the court's discretion.

---

[1] As noted in the Court's September 7, 2010 Memorandum Opinion and accompanying Order, pursuant to Plaintiff's request the Court also dismissed Counts IV (§ 1981 claim against the individual defendants), VI (conspiracy under § 1985), and VII (conspiracy under § 1986) of the Amended Complaint. (D.I. 160 at 2; D.I. 161)

*See Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 155-56 (3d Cir. 1986). The Third Circuit has explained:

> [W]e do not believe Congress intended that the prevailing party should be awarded attorney's fees in every case as a matter of course. . . .
>
> Thus we do not require bad faith, nor do we mandate an allowance of fees as a concomitant of prevailing in every case, but we do favor an evenhanded approach. The district courts' discretion may be exercised within these boundaries. Factors which should play a part include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. We expressly do not limit the factors to those we have mentioned, realizing that others may present themselves in specific situations.

*Id.*; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) ("Some courts following the evenhanded standard have suggested several nonexclusive factors to guide courts' discretion. For example, the Third Circuit [in *Lieb*] has listed several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. . . . We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.").

      b.    <u>The Discrimination Claims</u>.

While civil litigants are generally responsible for their own attorney's fees, the court may, in its discretion, allow a prevailing party to recover reasonable attorney's fees as part of the costs pursuant to 42 U.S.C. § 1988(b). Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981 . . . [or] 1983 .

3

. . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

The Supreme Court has noted that a "prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). For purposes of Section 1988, a "prevailing party" is a party who has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433 (internal quotation marks omitted).

The Third Circuit has further explained:

> The "prevailing party" can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs. . . . Nevertheless, it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather, the relevant standard is objective.
>
> We have relied on several factors in determining whether a plaintiff's unsuccessful civil rights claim was frivolous including whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits. Other factors that courts have considered in determining if an action was frivolous include whether the question in issue was one of first impression requiring judicial resolution, the controversy is based sufficiently upon a real threat of injury to the plaintiff, the trial court has made a finding that the suit was frivolous under the [*See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)] guidelines, and the record supports such a finding. These considerations, however, are merely guidelines, not strict rules; thus "[d]eterminations regarding frivolity are to be made on a case-by-case basis."

*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 156 (3d Cir. 2001) (internal citations and footnote omitted).

4

3. Analysis.

Defendants base their request for recovery of attorney's fees and costs on factors including the following: (i) the frivolousness of Plaintiff's copyright allegations and employment claims; (ii) Plaintiff's improper motivation in filing suit, i.e. "whether for job security or retaliation against the City for outsourcing his department;" (iii) the objective unreasonableness of Plaintiff's various legal and factual positions; (iv) the ultimate court determination that Plaintiff failed to establish a *prima facie* civil rights case; and (v) Defendants' good-faith settlement negotiations, including the "educat[ion of] Plaintiff's counsel as to why this case failed on the merits," as well as Defendants' purportedly earnest, yet unfruitful, mediation efforts. (D.I. 163 at 3-6, 8, 11-15; *see also* D.I. 168) While Defendants submit that an award of their total requested fees and costs would be entirely reasonable and appropriate, they also suggest that a more limited award may be more appropriate, perhaps "in an amount not ruinous to Plaintiff but sufficient in the Court's discretion to fairly compensate the City and to deter similarly unfounded lawsuits filed for settlement value." (D.I. 168 at 7, 10) Regardless of the amount of an award, Defendants insist that "this case ab initio was so frivolous that fees must be awarded against the Plaintiff." (D.I. 163 at 2)

Plaintiff asks that the Court deny Defendants' request in its entirety. Plaintiff denies the frivolity of his claims and contends that "Defendants' Application for fees is brought not as they claim, to deter frivolous claims, but to deter all claims and punish Plaintiff." (D.I. 167 at 18; *see also id.* at 10) Plaintiff also maintains that his infringement action was properly motivated solely to protect his intellectual property. (*Id.* at 5) Plaintiff further contends that his infringement action was not objectively unreasonable, observing that "the Court indicated there was sufficient

5

evidence to support Plaintiff's claim he created the Code outside authorized time and space limits," and not within the scope of his employment. (*Id.* at 6) Plaintiff continues that "[t]he Court's ruling in favor of the City is based on the record supporting the assumption Le created the Code, not on untenable claims of crimes or fraud." (*Id.* at 10) With respect to his discrimination claims, Plaintiff asserts that "failure to make out a *prima facie* case does not automatically justify a fee award." (*Id.* at 12) While the Court ultimately granted summary judgment in favor of Defendants, there were arguable issues explored, and "[t]he Court's ruling that the *prima facie* case was not met required careful consideration." (*Id.* at 12-14) In addition, Plaintiff further disputes Defendants' characterizations of settlement negotiations and the course of this litigation. (*See id.* at 14-20)

In the Court's view, Defendants' application is primarily grounded in Defendants' contention that all of Plaintiff's claims were frivolous. While the Court granted summary judgment to Defendants on all claims Plaintiff still wished to pursue following discovery, the Court concludes that these claims, although lacking merit, were not so frivolous as to justify the award sought by Defendants. At no point in its September 7, 2010 Memorandum Opinion did the Court state that this action was frivolous.[2] (*See* D.I. 160) To the contrary, the Court recognized, for example, that on the critical issue of whether Plaintiff "created the Work 'after hours' in his own time" and noted that "[t]here [wa]s evidence in the record to support Le's contention." (D.I. 160 at 10) The Court also found insufficient evidence to support several of Defendants' defenses, including fraud. (*Id.* at 16) With respect to Plaintiff's discrimination

---

[2]It is also worth noting that this case was previously presided over by another judge, the Honorable Legrome D. Davis of the Eastern District of Pennsylvania, who denied Defendants' motion to dismiss, allowing Counts III through VII to survive dismissal. (D.I. 16)

claim, Defendants confront the additional hurdle that the standard is "more stringent" as applied to prevailing defendants than to prevailing plaintiffs. *Barnes Foundation*, 242 F.3d at 156. Here, where it was conceded by Defendants that Plaintiff "satisfied the first two [of three] prongs of his *prima facie* case," i.e. "Le has offered evidence that he belongs to a protected racial or national origin class (Asian-American), and that he suffered adverse employment actions (termination and failure to afford him another position)" (D.I. 160 at 22), and the Court lacks a basis for finding that Plaintiff's motives were improper or he behaved inappropriately in connection with settlement efforts, the Court concludes an award to Defendants is not warranted.[3]

NOW THEREFORE, IT IS HEREBY ORDERED that:

The Application for Attorneys Fees filed by Defendants (D.I. 163) is DENIED.

Dated: March 11, 2011

_____
Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE

---

[3] While Defendants allege, among other things, spoliation of certain evidence by Plaintiff in their papers, the Court at no time found such a violation and does not find it necessary, under the overall circumstances presented here, to resolve a discovery-related issue at this time.